# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TREVOR WEBB,<br>　　*Plaintiff*,<br><br>　　v.<br><br>MCCLAIN, RN *et al.*,<br>　　*Defendants*. | No. 3:23-cv-01618 (JAM) |

## ORDER OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Trevor Webb is a prisoner in the custody of the Connecticut Department of Correction ("DOC"). He alleges that prison officials violated his constitutional rights by failing to help him get medical treatment after he was injured in a fall. Because the complaint does not allege enough facts to give rise to plausible grounds for relief, I will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

This action arises from Webb's incarceration as a pretrial detainee at New Haven Correctional Center in New Haven, Connecticut.[1] Webb brings this complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against five DOC employees: Nurse McClain, Officer Bonner, Lieutenant Coggins, Officer Loney, and Warden Christopher Brunelle.

The complaint includes just a single paragraph of factual allegations as follows:

On 8-6-22 I fell on the floor in the dayroom of New Haven Correctional. I was approached by C/O Loney and told he was gonna contact medical. I was left on the floor for over two hours with no medical attention. Then when it was time for shift the C/O Bonner tried to leave the unit without notifying anyone I was suffering and laying on the floor. The new C/O Pina then informed him to contact a supervisor who was Lt. Coggins. He came without medical staff and proceeded to pick m[e] up, placing me in a wheelchair

---

[1] Webb's complaint does not mention his incarceration status. Nevertheless, state court records indicate that Webb was not sentenced until October 31, 2022 and was not serving a sentence for any other state conviction as of the date of the events described in his complaint. https://www.jud2.ct.gov/crdockets/SearchByDefDisp.aspx (last visited May 6, 2024).

causing me further pain. I was then brung to medical where RN refused to see me. She said "he was seen yesterday and given ibuprofen. I'm not seeing him." [2]

Webb seeks compensatory damages, punitive damages, and injunctive relief in the form of an MRI evaluation for his back to get a proper diagnosis and treatment.[3]

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a government entity or government actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A complaint may not survive an initial review under § 1915A unless it alleges facts that, taken as true, give rise to plausible grounds for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[4]

If a prisoner is proceeding *pro se*, the allegations in the complaint must be read liberally to raise the strongest arguments they suggest. *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid.*

I construe Webb's complaint to assert that the defendants acted with deliberate indifference to his serious medical needs. Because the events Webb alleges appear to have occurred while he was a pretrial detainee, I will consider his claim for medical indifference under the Fourteenth Amendment rather than under the Eighth Amendment. *See Charles v. Orange Cnty.*, 925 F.3d 73, 85-86 (2d Cir. 2019).

---

[2] Doc. #1 at 5 (with punctuation and capitalization added between sentences).
[3] *Id.* at 6.
[4] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

To prevail on a Fourteenth Amendment claim for deliberate indifference to serious medical needs, a plaintiff must allege facts showing both that his medical need was objectively serious and that each defendant subjectively acted with a sufficiently culpable mental state. *Id.* at 86. To meet the first requirement, a plaintiff must allege that he has "a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Ibid.* To meet the second requirement, a plaintiff must allege that a defendant prison official acted more than merely negligently but with a conscious disregard of a substantial risk of harm, such that the official knew or should have known the failure to provide treatment would pose a substantial risk to the detainee's health. *See id.* at 87.

As an initial matter, the complaint does not allege any facts concerning the nature of Webb's injury or medical need other than a passing reference to some form of injury to his back for which Webb wishes to have an MRI for diagnosis. For this reason alone, the complaint fails to allege a plausible claim for deliberate indifference to Webb's serious medical needs.

Nor does the complaint allege facts to show any of the defendants acted more than negligently but with a conscious disregard of a substantial risk of harm to Webb. As to Officer Loney, the complaint alleges that he told Webb he was going to call for medical assistance. Although no assistance arrived for two more hours, the complaint does not allege additional facts to suggest that the failure of medical personnel to arrive was because of Officer Loney or that the delay was because of Officer Loney's conscious disregard towards Webb rather than simple negligence. Indeed, although the complaint alleges that Webb was suffering while lying on the floor, it does not allege any facts to suggest that the nature of suffering or injury was communicated to or known to Officer Loney when he saw Webb lying on the floor.

As to Officer Bonner, the complaint alleges simply that he tried to leave the unit at the shift change without notifying anyone that Webb was suffering and lying on the floor. But the complaint does not allege that Webb asked Officer Bonner for help or that Officer Bonner saw or knew that Webb was suffering or lying on the floor. According to the complaint, Officer Bonner ultimately contacted Lieutenant Coggins at another officer's behest. These facts as alleged are not enough to suggest that Officer Bonner acted with a conscious disregard toward a substantial risk of harm to Webb's health.

As to Lieutenant Coggins, the complaint alleges that he responded to the scene and picked Webb up to put him in a wheelchair and that this caused Webb more pain. But the complaint does not allege that Lieutenant Coggins ignored or was indifferent to Webb's condition, much less that he deliberately tried to cause pain. Instead, the complaint alleges that Lieutenant Coggins tried to help Webb. The fact that Lieutenant Coggins' assistance caused Webb even more pain shows at most that Lieutenant Coggins acted negligently rather than with a conscious disregard of substantial harm to Webb.

As to Nurse McClain, the complaint alleges that she rudely refused to treat him. But it does not allege that Nurse McClain was advised of the seriousness of Webb's injury such that her refusal to furnish medical care amounted to a conscious disregard of a substantial risk of harm to Webb.

Lastly, as to Warden Brunelle, the complaint does not allege any facts at all to show that the warden knew about or had anything to do with Webb's injury or the response to his fall. A supervisory official may not be liable to a plaintiff for the violation of the plaintiff's constitutional rights unless the defendant was personally involved in the violation of the plaintiff's rights. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

Accordingly, because Webb does not allege enough facts to plausibly show that his medical need was objectively serious or that any of the defendants acted with a conscious disregard to a substantial risk of harm to Webb, the complaint does not allege plausible grounds for relief under the Fourteenth Amendment. Therefore, I will dismiss the complaint but without prejudice to Webb's timely filing of an amended complaint if he wishes to state further facts that are sufficient to address the concerns stated in this ruling.

On a final note, I am aware that since the filing of his complaint Webb has separately filed a collection of incident reports, inmate request forms, and medical records.[5] These documents, however, are not a substitute for factual allegations that must be set forth in the body of a complaint. "A pleading that states a claim for relief must contain: … (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint without prejudice. The Clerk of Court shall close this case. If Webb believes there are additional facts he can allege that would cure any of the deficiencies identified in this ruling, then he may file an amended complaint on or before **June 7, 2024** in which case the Court will re-open this case and conduct another initial review.

It is so ordered.

Dated at New Haven this 6th day of May 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[5] Doc. #9.